**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Dale Anthony Shoop,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0283** (Morgan County 21-C-6)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Dale Anthony Shoop appeals the March 31, 2021, order of the Circuit Court of Morgan County dismissing his second petition for a writ of habeas corpus regarding his 2008 conviction for first-degree sexual assault. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Karen C. Villaneuva-Matkovich, filed a response in support of the circuit court's order.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We discussed petitioner's conviction in *Shoop v. Ballard*, No. 13-1313, 2014 WL 6607475 (W. Va. Nov. 21, 2014) (memorandum decision), when we reviewed petitioner's first petition for a writ of habeas corpus. The record indicated that petitioner had previously been convicted on two counts of indecent assault in Pennsylvania in 1999, involving female children aged nine and ten.

---

[1]Benjamin F. Yancey III filed respondent's response on September 7, 2021. By a notice of appearance, filed on November 22, 2021, Karen C. Villaneuva-Matkovich appeared as counsel for respondent.

Petitioner thereafter was required to register as a sex offender.

This case began in 2007 when petitioner was indicted in the Circuit Court of Morgan County for first-degree sexual assault "by placing his finger in [the victim's] anus." The victim was an eleven-year-old female. The State offered to allow petitioner to plead guilty to the indicted offense with the State's concession that it would not file a recidivist information against petitioner. However, at the pretrial hearing on the 2007 indictment, petitioner stated that "he did not want to plead guilty to a crime he did not commit." *Shoop*, 2014 WL 6607475, at *3. At trial, the trial court permitted the admission of prior bad acts evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence regarding the two 1999 convictions for indecent assault. The jury found petitioner guilty of first-degree sexual assault.

At petitioner's 2008 sentencing hearing, he admitted that he had sexual contact with the victim, but denied that there had been penetration of the victim's anus despite the jury's finding that he was guilty as charged in the indictment. The trial court noted petitioner's prior criminal record. Pursuant to West Virginia Code § 61-8B-3(c), the trial court sentenced petitioner to twenty-five to 100 years of incarceration.[2] Petitioner appealed his conviction, but this Court refused the appeal by order entered on January 14, 2010.

In 2012, petitioner filed his first petition for a writ of habeas corpus seeking to have his 2008 conviction and sentence set aside. The court appointed habeas counsel who filed an amended habeas petition. The habeas court denied the amended petition, finding that "an evidentiary hearing was unnecessary." *Shoop*, 2014 WL 6607475, at *1. In *Shoop*, this Court affirmed the denial of habeas relief. Relevant here, this Court in *Shoop* found that, "[b]ecause . . . the circuit court adequately addressed each of the grounds petitioner asserted for habeas corpus relief, [there was] no error in the circuit court's order denying petitioner an evidentiary hearing." *Id.* at *2. More specifically, as petitioner stated that he did not want to plead guilty to a crime he did not commit, this Court in *Shoop* further found that, "even if petitioner received incorrect information regarding the sentence [from trial counsel], it did not change the result of the case." *Id.* at *3. Finally, this Court in *Shoop* rejected petitioner's claim that his sentence was excessive pursuant to Syllabus Point 4 of *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), in which the Court held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *Shoop*, 2014 WL 6607475, at *6

---

[2]West Virginia Code § 61-8B-3(c) provides:

(c) Notwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.

Petitioner does not dispute that he was older than eighteen or that the victim was younger than twelve at the time of the offense.

(Internal quotations and additional citation omitted.).

On February 17, 2021, petitioner filed the instant, second habeas petition raising claims of ineffective assistance of habeas counsel. Petitioner alleged that his habeas counsel failed to "adequately investigate proportionality issues [as to his] sentence," failed to "address [trial] counsel's failure to investigate [the] legality of the [State's] plea offer," and failed to "address [trial] counsel's failure to present mitigating evidence at sentencing." By order entered on March 31, 2021, the habeas court rejected petitioner's claims and dismissed the instant petition.

Petitioner now appeals the circuit court's March 31, 2021, order dismissing his second habeas petition. This Court reviews a circuit court's order dismissing a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Because we have before us the denial of petitioner's second habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

On appeal, petitioner argues that the habeas court erred in denying the instant petition without a hearing and the appointment of counsel. Respondent argues that the habeas court properly denied the instant petition. We agree with respondent.

We review ineffective assistance of counsel claims pursuant to the *Strickland/Miller* test:

3

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). In deciding ineffective assistance claims, a court does not need to address both prongs of the *Strickland/Miller* test, but "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). As stated in *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999), the "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213.

Petitioner argues that habeas counsel failed to investigate this Court's constitutional proportionality principles. We find that those principles do not apply to petitioner's case. As we have held:

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.

Syl. Pts. 3 and 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

West Virginia Code § 61-8B-3(c) sets forth the maximum sentence for the offense of which petitioner was convicted, and, as noted by the habeas court in its order, no recidivist sentence was imposed. As our constitutional proportionality principles do not apply to this case, we find that it was not ineffective assistance for habeas counsel not to investigate the application of those principles.

Next, petitioner argues that habeas counsel did not investigate trial counsel's failure to investigate the legality of the State's plea offer. The habeas court found that, in alleging that the State's plea offer was illegal, petitioner made an "intentional misrepresentation." Petitioner argues that, as he is uneducated in the law, he needs the assistance of counsel to make a proper argument. We find that we do not need to review the habeas court's finding that petitioner intentionally attempted to mislead it as we dispose of this claim under the second prong of the *Strickland/Miller* test. As we found in *Shoop*, even if petitioner was misinformed as to some aspect of the plea offer

4

or its possible consequences, it did not change the result of the case because petitioner stated that "he did not want to plead guilty to a crime he did not commit." 2014 WL 6607475, at *3.

Petitioner further argues that habeas counsel did not investigate trial counsel's failure to present mitigating evidence at the sentencing hearing. In making this argument, petitioner argues that trial counsel was deficient when counsel failed to request that petitioner undergo a psychological evaluation pursuant to West Virginia Code § 62-12-2(e) so that petitioner would be eligible for probation.[3] Given petitioner's criminal history, which included two prior sexual offense convictions involving children, we concur with the habeas court's finding that, even if petitioner underwent a psychological evaluation pursuant to West Virginia Code § 62-12-2(e) and/or presented other mitigating evidence at his sentencing hearing, there was "no reasonable probability that his sentence would have been different."

Finally, petitioner argues that this Court should reverse the habeas court's dismissal of the instant petition due to the cumulative error doctrine. However, as "there is no error in this case, the cumulative error doctrine has no application." *State v. Knuckles*, 196 W. Va. 416, 426, 473 S.E.2d 131, 141 (1996). Accordingly, we find that the habeas court properly found that there was no ineffective assistance of habeas counsel in this case. Therefore, we conclude that the habeas court did not abuse its discretion in dismissing the instant petition.

For the foregoing reasons, we affirm the circuit court's March 31, 2021, order dismissing petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 1, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[3]West Virginia Code § 62-12-2(e) provides, in pertinent part:

Any person who has been found guilty of . . . the provisions of [West Virginia Code §§ 61-8B-1 to 61-8B-18] . . . may only be eligible for probation after undergoing a physical, mental, and psychiatric or psychological study and diagnosis which shall include an ongoing treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program[.]